UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAW, et al.,<br>Plaintiffs,<br>v.<br>NCAA, et al,<br>Defendant. | Case No. 1:26-cv-06862-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* BE DENIED AND THAT PLAINTIFFS BE ORDERED TO PAY THE FILING FEE TO PROCEED WITH THIS ACTION<br><br>(ECF Nos. 2, 5, 6)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

## I. INTRODUCTION

Plaintiffs Makhi Shaw and Carlos Shaw are proceeding *pro se* in an action filed on August 27, 2026. (ECF No. 1).[1] Plaintiffs' complaint names the NCAA and South Atlantic Conference as defendants and claims that the NCAA rules unfairly restrict competition. Plaintiffs ask for a court order that they be given immediate playing time, better financial prospects, better professional prospects, and protection from penalties.

After filing the complaint, Plaintiff Makhi Shaw filed an application to proceed *in forma pauperis* (ECF No. 2). However, because Plaintiff Shaw did not complete all portions of the application, on September 1, 2026, the Court ordered him to supplement the application with

[1] Although the complaint lists both as Plaintiffs, the Court notes that only Plaintiff Makhi Shaw signed the complaint. (*Id.* at 6).

additional information. (ECF No. 5).

Plaintiff Carlos Shaw has yet to file an application to proceed *in forma pauperis* and neither party paid a filing fee for this action.

For the reasons set forth below, the Court shall recommend the IFP application be denied and the filing fee be paid in order to proceed with this action.

## II. PLAINTIFF MAKHI SHAW

Plaintiff filed an application to proceed *in forma pauperis* (IFP) on March 16, 2026, on the Court's "short form." (ECF No. 2). However, Plaintiff did not fill out all sections of the form. For example, under "3. Other Income" Plaintiff did not check any of the boxes asking if he has or has not received income from certain sources. (*Id.* at 1). Additionally, Plaintiff left questions five, seven and eight blank. (*Id.* at 2).

On September 1, 2026, the Court ordered Plaintiff to file a "long form" IFP application—*i.e.*, a form that provides more information about Plaintiff's finances. Plaintiff was advised to fill out the form to the best of his ability, answering only the questions presented on the form. He was further advised that if he was unwilling to complete and submit the long form IFP application, he must the filing fee in full to proceed with this action. (ECF No. 5).

Plaintiff did not pay the filing fee or otherwise submit a "long-form" application and the time to do so has passed.

Under 28 U.S.C. § 1915(a)(1), a *pro se* plaintiff may proceed without prepayment of fees by submitting "an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *See Flores v. California Corr. Women's Facility*, No. 1:19-cv-1509-NONE-JLT, 2020 WL 8821643, at *1 (E.D. Cal. June 24, 2020) (noting that § 1915(a)(1) applies to non-prisoner plaintiffs). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). And "when a claim of poverty is made . . . it is proper and indeed essential for the supporting affidavits to state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted).

"[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. However, in assessing whether a certain income level meets the standard to grant IFP status, courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Boulas v. U.S. Postal Serv.*, No. 1:18-cv-01163-LJOBAM, 2018 WL 6615075, at *1 n.1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to deny IFP application).

Lastly, under § 1915(e)(2)(A), a "court shall dismiss" a case if it determines that "the allegation of poverty is untrue."

The Court recommends that Plaintiff's IFP application be denied because Plaintiff failed to provide sufficient information indicating that he is unable to pay the filing fee and he failed to supplement his IFP application. Specifically, Plaintiff failed to completely fill out the short form IFP application. For example, under "3. Other Income" Plaintiff did not check any of the boxes asking if he has or has not received income from certain sources. (*Id.* at 1). Additionally, Plaintiff left questions five, seven and eight blank. (*Id.* at 2). Plaintiff's application does not describe with "…some particularity, definiteness and certainty" that he is impoverished and is unable to pay court costs. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)

Because Plaintiff's disclosures do not reveal that he cannot pay the $405 filing fee and still afford the necessities of life, the Court will recommend that his IFP application be denied.

## III. PLAINTIFF CARLOS SHAW

The Court issued an order on September 1, 2026 (ECF No. 6), advising Plaintiffs that in order to proceed with this action, Plaintiffs must EITHER (1) pay one $405.00 filing fee, or (2) **both** Plaintiffs may submit applications to proceed *in forma pauperis*. 28 U.S.C. § 1915; *See Darden v. Indymac Bancorp, Inc.*, No. S-09-2970 JAM DAD PS, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009) ("Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed *in forma pauperis* unless ***all of them*** demonstrate inability to pay the filing fee") (emphasis added); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, ***each plaintiff*** must qualify for IFP status") (emphasis added).

The Court gave Plaintiffs twenty-one (21) days to either (1) pay one $405.00 filing fee for this action; or (2) submit an application to proceed in forma pauperis that is completed and signed. The Court warned that "failure to comply with this order may result in dismissal of Plaintiff Carlos Shaw from the lawsuit." (*Id.*).

The twenty-one-day period has expired, and Plaintiffs have failed to pay the filing fee, and Carlos Shaw has failed to submit a completed and signed IFP application or otherwise respond to the Court's order.

Accordingly, as Plaintiff Makhi Shaw has failed to supplement the short-form application to proceed *in forma pauperis,* and Plaintiff Carlos Shaw has failed to file an *in forma pauperis* application, the Court **HEREBY RECOMMENDS** that:

1. Plaintiff Makhi Shaw's IFP application be denied. (ECF No. 2).
2. Plaintiffs be ordered to pay the $405 filing fee within thirty (30) days of the date of this order in order to proceed with this action.
3. Plaintiffs are advised that failure to timely pay the filing fee will result in the dismissal of this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 9, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE